1  **THOMAS J. DALY, CA Bar No. 119684**
   TDaly@lewisroca.com
2  **ART HASAN, CA Bar No. 167323**
   AHasan@lewisroca.com
3  **LEWIS ROCA ROTHGERBER CHRISTIE LLP**
   **655 N. Central Avenue, Suite 2300**
4  **Glendale, CA 91203-1445**
   **Telephone: (626) 795-9900**
5  **Facsimile: (626) 577-8800**

6  **SIHO "SCOTT" YOO, CA Bar No. 311202**
   SYoo@lewisroca.com
7  **LEWIS ROCA ROTHGERBER CHRISTIE LLP**
   **203 Redwood Shores Parkway, Suite 670**
8  **Redwood City, CA 94065**
   **Telephone: (650) 391-1380**
9  **Facsimile: (650) 391-1395**

10  Attorneys for Plaintiff
    OKYN HOLDINGS, INC. dba NYKO TECHNOLOGIES

11

12

13                 UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15

16  OKYN HOLDINGS, INC. dba            Case No. 2:21-cv-04796-AB-PD
    NYKO TECHNOLOGIES,
17  a California corporation            **MEMORANDUM IN SUPPORT**
                                        **OF PLAINTIFF OKYN**
18          Plaintiff,                  **HOLDINGS, INC. dba NYKO**
                                        **TECHNOLOGIES' MOTION**
19      vs.                             **TO STRIKE DEFENDANT**
                                        **HORI (U.S.A.), INC.'S**
20  HORI (U.S.A.), INC., a California   **INVALIDITY CONTENTIONS**
    corporation
21
            Defendant.
22                                      **Date: April 8, 2022**
                                        **Time: 10:00 a.m.**
23                                      **Courtroom: 7B**

24

25                                      **Hon. André Birotte Jr.**

26

27

28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

1

### TABLE OF CONTENTS

2

**Page**

3    I.    INTRODUCTION ................................................................................. 1

4    II.    FACTUAL BACKGROUND ................................................................ 3

5    III.    LEGAL STANDARD ........................................................................... 5

6    IV.    ARGUMENT ........................................................................................ 7

7          A.    Hori's Invalidity Contentions Fail to Reasonably Apprise
                Nyko  of Hori's Obviousness Theories ...................................... 7
8
9                1.    *Insufficient Disclosure of Obviousness Combinations* ........... 7

10               2.    *Insufficient Explanation as to How Each of the Alleged
                     Obviousness Combinations Would Render Each of the
11                   Asserted Claims Obvious* ..................................................... 11

12         B.    Hori's Claim Charts Fail to Identify Where Each Claim
                Element Can Be Found in Each Alleged Prior Art ......................... 13

13         C.    Hori Improperly Tries to Rely on Uncited Portions
                of the Prior Art and Unidentified Prior Art ................................. 20
14
15               1.    *Uncited Portions of the Prior Art* .......................................... 20

16               2.    *Unidentified* Prior Art .......................................................... 22

17               3.    *Hori Should Not Be Allowed to Rely on Uncited Materials
                     or Unidentified Prior Art Even Absent Amendment* ............. 23

18   V.    CONCLUSION .................................................................................. 25

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*0912139 B.C. Ltd. v. Rampion USA Inc.*,
  No. C18-1464JLR,
  2019 WL 3082290 (W.D. Wash. Jul. 15, 2019) .................9, 10, 18, 22, 23, 24

*Aga Med. Corp. v. W.L. Gore & Assocs., Inc.*,
  No. 10-3734, 2012 WL 12894014 (D. Minn. Oct. 26, 2012) ........10, 12, 13, 23

*Audionics Sys., Inc. v. AAMP of Florida, Inc.*,
  No. CV 12-10763 MMM,
  2014 WL 3563311 (C.D. Cal. Mar. 12, 2014) ...............................................2, 5

*Avago Techs. General IP PTE Ltd., v. Elan Microelectronics Corp.*,
  No. C04-05385 JW (HRL),
  2007 WL 951818 (N.D. Cal. Mar. 28, 2007) .....................................................9

*BioCell Tech, LLC v. Arthro-7*,
  No. SACV 12-00516-JVS,
  2013 WL 12131282 (C.D. Cal. April 16, 2013) ................................................5

*Ironworks Patents LLC v. Samsung Elecs. Co., Ltd.*,
  Case No. 17-cv-01958-HSG (JSC), 2017 WL 4573366 (N.D. Cal.
  Oct. 13, 2017) ...............................................................................................6, 12

*Kandypens, Inc. v. Puff Corp.*,
  CV 20-358-GW-KSx,
  2020 WL 11629210 (C.D. Cal. Sep. 24, 2020).................................2, 5, 10, 18

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
  No. C 12-00852 WHA,
  2012 WL 4097740 (N.D. Cal. Sept. 17, 2012) ..................................................6

*Mitsubishi Elec. Corp. v. Sceptre, Inc.*,
  No. 2:14-cv-04994-ODW,
  2015 WL 2369557 (C.D. Cal. May 18, 2015) ...............................6, 12, 21, 22

*Pavo Sols., LLC v. Kingston Tech. Co., Inc.*,
  Case No. 8:14-CV-01352-JLS-KES,
  2019 WL 8138163 (C.D. Cal. Nov. 20, 2019)............................................5, 24

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

*Realtime Data, LLC v. Packeteer, Inc.*,
  No. 6:08-cv-144-LED-JDL,
  2009 WL 4782062 (E.D. Tex. Dec. 8, 2009) ................................................. 10

*Slot Speaker Techs., Inc. v. Apple, Inc.*,
  Case No. 13-cv-01161-HSG (DMR),
  2017 WL 235049 (N.D. Cal. Jan. 19, 2017) ............................................ 17, 18

*Takeda Pharm. Co. v. Twi Pharms., Inc.*,
  Case No. 13-CV-02420-LHK,
  2015 WL 1227817 (N.D. Cal. Mar. 17, 2015) .................................................. 6

*Webasto Thermo & Comfort North Am., Inc. v. BesTop, Inc.*,
  No. 16-cv-13456, 2019 WL 2171262 (E.D. Mich. May 20, 2019) ................... 5

**Other Authorities**

Local Rule 3-3 ............................................................................................. 6, 24

N.D. Cal. LPR 3-3(a) ......................................................................................... 6

N.D. Cal. LPR 3-3(b) ................................................................................... 6, 13

N.D. Cal. LPR 3-3(c) ................................................................................... 6, 13

N.D. Cal. LPR 3-6 ........................................................................................... 24

–

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

**LEWIS ROCA**

## I.    <u>INTRODUCTION</u>

Defendant Hori (U.S.A.), Inc.'s ("Hori")'s Preliminary Invalidity Contentions and accompanying claim charts (collectively, "Invalidity Contentions") fail to comply with the requisite specificity requirement for invalidity contentions and impose an unrealistically high burden on the Court and Plaintiff OKYN Holdings, Inc. dba Nyko Technologies ("Nyko").

Nyko is asserting nine claims against a single Hori product in this suit. Strikingly, Hori's Invalidity Contentions contain more than 160 pages of cover pleading, the vast majority of which (pages 35-151) constitute what appears to be only a list of 814 combinations of prior art with no information at all as to ***which patent, which claim, which claim element,*** these combinations would apply.  Even worse, the ambiguity and inconsistency persistent throughout Hori's Invalidity Contentions complicate Hori's purported identification of prior art combinations, resulting in ***countless permutations*** of prior art combinations (*e.g.*, 26,100 possible permutations by one calculation).  There is no way that Hori could rely on such unreasonably high numbers of prior art combinations, nor is it realistically manageable by the Court to hear the parties' disputes potentially arising out of Hori's reliance on 814 to potentially 26,100 combinations.

Moreover, there are other critical deficiencies in Hori's Invalidity Contentions.  With respect to Hori's claim charts, Hori did little more than simply copy and paste portions of the prior art references without explaining or identifying ***where and how*** each claim element is found in each item of the alleged prior art. Further, Hori's Invalidity Contentions improperly purport to rely on ***uncited*** portions of the prior art and ***unidentified*** prior art.

These deficiencies are all problematic because Nyko would be left to guess—and it would be a pure waste of the Court's resources to allow the parties to litigate without knowing—what obviousness combinations, what prior art, or what portions of each prior art Hori intends to rely on, and how each item of prior

art allegedly invalidates each asserted claim. It would be unfairly prejudicial to Nyko to enter into claim construction without knowing Hori's invalidity theories/arguments, particularly when Nyko, in good faith, served its Infringement Contentions with the requisite level of specificity, a level far above that provided in Hori's Invalidity Contentions.  These defects in Hori's Invalidity Contentions frustrate the Court's Scheduling Order and defeat the very purpose for serving invalidity contentions, that is to "crystalize [the parties'] theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Kandypens, Inc. v. Puff Corp.*, CV 20-358-GW-KSx, 2020 WL 11629210, at *2 (C.D. Cal. Sep. 24, 2020).

Although the Court's Scheduling Order does not specify the content of the parties' contentions, the parties are still required to comply with the notice requirement of contentions.  In fact, Nyko specifically addressed the needs for adopting patent-specific contentions in the Joint Rule 26(f) Report (Dkt. 35, at 19), to which the Court agreed.  Hori's conduct here reveals that Nyko's concern was legitimate and why patent-specific contentions in compliance with the notice requirement are necessary in this case.  Because the Court's Scheduling Order (Dkt. 45) adopted a schedule for patent-specific contentions, other jurisdictions' local patent rules may serve as guidance concerning the notice requirement for invalidity contentions. *Audionics Sys., Inc. v. AAMP of Florida, Inc.*, No. CV 12-10763 MMM (JEMx), 2014 WL 3563311, at *1 (C.D. Cal. Mar. 12, 2014).

Hori's rationale for serving deficient invalidity contentions seems to be that it may somehow serve overly broad and vague preliminary invalidity contentions, and at a later time, serve final invalidity contentions in a more specific form.  Hori misunderstands the rules.  Regardless of whether labeled as "preliminary" or "final," Hori must serve its Invalidity Contentions with the requisite level of specificity to provide sufficient notice to Nyko of Hori's invalidity theories/arguments.  There is no separate rule governing only preliminary invalidity

-2-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

contentions, nor is the requisite level of specificity governing preliminary invalidity contentions more relaxed than that of final invalidity contentions. In fact, it is more critical for an accused infringer to serve specific preliminary invalidity contentions. Greater specificity at that stage, before the parties are fully in the process of discovering facts/issues and exploring terms for claim construction can still serve to narrow issues and conserve the Court's and the parties' resources. Thus, it is imperative for Nyko to be adequately apprised at this stage of what specific invalidity arguments and prior art Hori is relying on in order to properly defend its patent.

For the reasons stated herein, the Court should strike Hori's Invalidity Contentions, or alternatively, order Hori to amend its Invalidity Contentions to cure the deficiencies addressed in the present motion.

## II.    **FACTUAL BACKGROUND**

On June 11, 2021, Nyko filed this patent infringement lawsuit alleging that Hori's Poké Ball Plus Charge Stand ("the Accused Product") infringes Nyko's three patents: U.S. Patent Nos. 8,143,848 ("the '848 Patent"); 8,536,832 ("the '832 Patent"); 9,705,344 ("the '344 Patent") (collectively, the "Patents-in-Suit"). Specifically, Nyko alleged that the Accused Product infringes claims 25, 26 and 27 of the '848 Patent; claims 1, 3, 5, 7 and 8 of the '832 Patent; and claim 15 of the '344 Patent. That is, nine claims precisely alleged against one accused product.

On October 29, 2021, the parties submitted a Joint Rule 26(f) Report (Dkt. 35) to the Court that included the parties' respective proposed schedules. In the Joint Report, the parties disputed whether patent-specific contentions would be required. Nyko expressly stated that infringement and invalidity contentions are needed as they provide "***sufficient notices*** of the parties' respective positions and arguments in a more clear and productive manner than serving interrogatories" as part of its objection to Hori's suggestion to forego patent-specific contentions. Dkt. 35, at 19 (emphasis added).

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

116936424.7

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ■ ROCA

1    On December 1, 2021, the Court issued its Scheduling Order (Dkt. 45),

2    wherein the Court rejected Hori's proposal to use interrogatories in lieu of patent-

3    specific contentions to disclose their positions concerning infringement and

4    invalidity.  Instead, the Court specifically adopted Nyko's proposal to exchange

5    contentions.  Dkt. 45, at 2.  Thus, the Order specifically set deadlines for serving

6    infringement and invalidity contentions, as well as, seeking amendments of the

7    contentions.  *Id.*

8    On December 10, 2021, pursuant to the Scheduling Order, Nyko served its

9    preliminary infringement contentions and accompanying three claim charts on Hori

10   (collectively, the "Infringement Contentions").  *See* Yoo Decl., Ex. 1.  In particular,

11   Nyko's Infringement Contentions specifically identified the three Patents-in-Suit;

12   a total of nine asserted claims; and a single accused product.  Nyko's claim charts

13   specifically identified, via adequate annotations such as arrows and explanations,

14   how and where each claim element is found in the Accused Product.  *See id.*

15   On January 7, 2022, Hori served its Invalidity Contentions.  *See* Yoo Decl.,

16   Ex. 2.  Hori's Invalidity Contentions contained numerous deficiencies and failed to

17   provide sufficient notice to Nyko of Hori's invalidity theories and arguments,

18   thereby undercutting the Court's Scheduling Order, and essentially forcing Nyko

19   to waste time serving interrogatories and engaging in further discovery to ascertain

20   Hori's precise contentions, and likely generating discovery disputes that the Court

21   would need to resolve.  For example, Hori's Invalidity Contentions: (1) included

22   countless permutations of an unreasonably large number of prior art combinations

23   without any explanation of how the alleged combinations would render each

24   asserted claim obvious; (2) failed to identify where each claim element can be

25   found in each alleged prior art; and (3) improperly purport to rely on uncited

26   portions of the prior art and unidentified prior art.

27   On February 22, 2022, the parties held a meet and confer pursuant to Local

28   Rule 7-3.  Counsel for the parties discussed their respective positions but reached

-4-

116936424.7

1  an impasse.  Yoo Decl., ¶ 12.

2      On February 25, 2022, Hori's counsel sent a letter to Nyko's counsel

3  confirming its refusal to amend its contentions.  Yoo Decl., ¶ 13.

4  ### III.  LEGAL STANDARD

5      "This Court generally adheres to the N.D. Cal. Patent Local Rules in patent

6  cases."  *Pavo Sols., LLC v. Kingston Tech. Co., Inc.,* Case No. 8:14-CV-01352-

7  JLS-KES, 2019 WL 8138163, at *7 n. 3 (C.D. Cal. Nov. 20, 2019).  "While the

8  Central District of California has not adopted local patent rules, this court has

9  drawn on the Northern District's rules in ordering, as it did in this case, that the

10  parties file preliminary infringement and invalidity contentions."  *Audionics*, 2014

11  WL 3563311, at *1 n. 5.  Because the Court's Scheduling Order set deadlines for

12  serving infringement and invalidity contentions and seeking leave to amend those

13  contentions, the Court may look to the N.D. Cal. Local Patent Rules for guidance

14  when a dispute concerning the contentions arises.  *See Webasto Thermo & Comfort*

15  *North Am., Inc. v. BesTop, Inc.*, No. 16-cv-13456, 2019 WL 2171262, at *4 (E.D.

16  Mich. May 20, 2019) ("In the absence of local patent rules, as is the case in this

17  District, the Court may look to case law in other districts that have adopted such

18  rules that contain language similar to that adopted by the parties and the Court to

19  govern the litigation.").

20      The local patent rules exist to further the goal of "full, timely discovery and

21  provide all parties with adequate notice and information with which to litigate their

22  cases, not to create supposed loopholes through which parties may practice

23  litigation by ambush." *BioCell Tech, LLC v. Arthro-7*, No. SACV 12-00516-JVS

24  (RNBx), 2013 WL 12131282, at *9 (C.D. Cal. April 16, 2013) (internal quotation

25  and citation omitted).  In particular, "[i]nvalidity and infringement contentions

26  'require parties to ***crystalize their theories of the case early*** in the litigation and to

27  ***adhere to those theories*** once they have been disclosed.'"  *Kandypens,* 2020 WL

28  11629210, at *2 (emphasis added).  "The main purpose of the discovery-related

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

-5-

Patent Local rules is to ***get the parties to commit to positions early on in the litigation and stick to them absent good cause***." *Ironworks Patents LLC v. Samsung Elecs. Co., Ltd.*, Case No. 17-cv-01958-HSG (JSC), 2017 WL 4573366, at *2 (N.D. Cal. Oct. 13, 2017) (internal quotation and citation omitted) (emphasis added).

The disclosures must be done with ***specificity*** and ***particularity*** to provide adequate notice of the invalidity theories. *See Mitsubishi Elec. Corp. v. Sceptre, Inc.*, No. 2:14-cv-04994-ODW (AJWx), 2015 WL 2369557, at *2 (C.D. Cal. May 18, 2015) ("This rule has consistently been enforced to require detailed disclosures."); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *1 (N.D. Cal. Sept. 17, 2012) ("Our patent local rules require detailed disclosure of a party's patent invalidity contentions. This disclosure must be done with particularity and as to each prior art for each claim limitation...."). (internal citation omitted)

The Northern District of California's Local Patent Rules ("LPR") require: (1) "The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious (LPR 3-3(a)); (2) "[if] obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness" (LPR 3-3(b)); and (3) "[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found ..." (LPR 3-3(c)).

"Any invalidity theories not disclosed pursuant to Local Rule 3-3 are barred ... from presentation at trial (whether through expert opinion testimony or otherwise)." *Takeda Pharm. Co. v. Twi Pharms., Inc.*, Case No. 13-CV-02420-LHK, 2015 WL 1227817, at *3 (N.D. Cal. Mar. 17, 2015) (internal quotation and citation omitted).

116936424.7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

**LEWIS ROCA**

## IV.    ARGUMENT

**A.    Hori's Invalidity Contentions Fail to Reasonably Apprise Nyko of Hori's Obviousness Theories**

### 1.    *Insufficient Disclosure of Obviousness Combinations*

Hori's Invalidity Contentions fail to specifically identify upon ***which*** prior art combinations Hori intends to rely.

At a glance, Hori appears to be listing 814 prior art combinations in the cover pleading.  Yoo Decl., Ex. 2, at 35-151.  But other statements/allegations in the Invalidity Contentions expand Hori's purported identification of 814 prior art combinations, making it even more vague and speculative.  For example, Hori states:

- "For these reasons and others, a person of ordinary skill in the art would have been motivated to combine ***any one*** of the prior art references listed in Exhibits A-01 to CC-03, or herein, with ***one or more*** of those prior art references list in Exhibits A-01 to CC-03 or herein." Yoo Decl., Ex. 2, at 22 (emphasis added).

- In every claim chart, Hori asserts that "the asserted claims … as obvious …, or in combination with ***one or more*** other references identified in" the Contentions. Yoo Decl., Ex. 3, at 1 (emphasis added).

- For every claim limitation of each chart, Hori asserts that "[i]n addition, this element is rendered obvious in combination with …, or also in combination with ***any*** of the references cited in these Invalidity Contentions with respect to this element (whether expressly or inherently)." Yoo Decl., Ex. 3, at 3 (emphasis added).

Each of these statements itself or combined together would result in an unlimited permutation of prior art combinations.  For example, there are a total of 30 references individually charted by Hori.  If the first reference (as a primary reference) is combined with another from the remaining 29 references, then this

-7-

116936424.7

alone would result in 30 x 29 = 870 combinations.  Next, combining the second reference (as a primary reference) with another from the remaining 29 references would result in another set of 870 combinations.  This calculation would go on until the last of the 30 references is combined as a primary reference with the remaining 29 references, resulting in an unreasonably large number of combinations (870 x 30 = 26,100).  Moreover, this large number would even go up if Hori intends to combine a primary reference with *more than one* reference, as it suggested in the Invalidity Contentions.  Combining the first reference (as a primary reference) with, for example, two other references alone would result in 30 x 29 x 28 = 24,360 combinations.  So which combinations does Hori actually intend to rely on?  814 to 26,100, or any others?  Hori's statement that it provided sufficient notice as to what specific combinations it intends to rely on is demonstrably false in light of its own expansive and vague statements made in the Invalidity Contentions.

Hori's purported reliance on countless variations of an unreasonably large number of prior art combinations is meaningless.  There is no way that Hori truly intends to rely on such large numbers of prior art combinations.  This is an attempt by Hori to end-run the requirements concerning invalidity contentions.  Hori's vague and inconsistent identification of prior art combinations impose an unreasonably high burden on the Court.  It is unrealistic, if not impossible, for the Court to hear all the discovery disputes potentially arising out of Hori's reliance on 814 to 26,100 prior art combinations.  Likewise, the Court should not be tasked with expending the resources to manage such a large number of prior art combinations at trial or any other proceedings concerning invalidity.  Hori's vague and inconsistent identification of prior art combinations are also unduly prejudicial to Nyko as it will be guessing at which combinations (among countless permutations of combinations) will be actually used by Hori, especially given that the parties are about to enter into claim construction briefing.

-8-

116936424.7

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

To make a meaningful disclosure at this stage of litigation, Hori should come down to a reasonable number of specific combinations the Court and Nyko could reasonably manage. This should not be a burden at all on Hori since Hori is the party that prepared the Invalidity Contentions. The fact that Hori could not have already done so tends to show that either Hori merely dumped prior art into its Invalidity Contentions without even going through any meaningful review or Hori is hiding the fact that it could not come up with any meaningful combinations to be disclosed.

While it is true that courts have allowed an accused infringer to rely on a large number of prior art combinations for obviousness, that allowance was expressly limited to a situation where defendants have "organized prior art references into **groups** and articulated an overarching theory of obviousness that applied to '**each and every possible combination[]'** of prior art within the groups." *0912139 B.C. Ltd. v. Rampion USA Inc.*, No. C18-1464JLR, 2019 WL 3082290 at *6 (W.D. Wash. Jul. 15, 2019) (citing *Avago Techs. General IP PTE Ltd., v. Elan Microelectronics Corp.*, No. C04-05385 JW (HRL), 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007)).

Here, Hori has neither adopted any "grouping" method nor any overarching theory of obviousness that applies to "each and every possible combination." Rather, Hori's approach resembles those that were expressly rejected by, and differentiated from the "grouping" method, by courts. For example, in *Rampion*, the defendant charted various primary references in conjunction with multiple additional references **per claim element**. *Rampion*, 2019 WL 3082290, at *6. The court concluded that because the charts include an "unreasonably large assortment of potential combinations of prior art untethered to any discernable theory or theories of obviousness," they fail to reasonably apprise Plaintiffs of the obviousness combinations on which Defendants intend to rely. *Id.* Thus, the lists of references in Defendants' invalidity contentions that "would support virtually

-9-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

endless permutations of prior art combinations" were stricken. *Id.* at \*5. The court further clarified that the approach taken by Defendants is not a "grouping" method. *Id.* at \*6.

Like the defendants' charts in *Rampion*, here, Hori's claim charts assert obviousness **per claim element**, and for each element, Hori asserts a combination of the charted reference with "any" of the references cited in its Invalidity Contentions. Like the plaintiff in *Rampion*, Nyko has no way to figure out what permutations of prior art combinations Hori truly intends to rely on.

This practice of relying on an unreasonably large assortment of unspecified combinations of prior art has been expressly rejected by courts. *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144-LED-JDL, 2009 WL 4782062, at \*3 (E.D. Tex. Dec. 8, 2009) (holding that the defendant may not reserve "the right to assert obviousness combinations from *any* of the prior art references" cited in its invalidity contentions because the language preserving a defendant an opportunity to later rely upon "undisclosed combinations" does not clearly suggest the combinations) (emphasis added); *Aga Med. Corp. v. W.L. Gore & Assocs., Inc.*, No. 10-3734 (JNE/JSM), 2012 WL 12894014, at \*9 (D. Minn. Oct. 26, 2012) (rejecting the language reserving the right to combine "any of the primary … references listed below with *one or more* additional references" because such a reservation of right to rely on "unspecified combinations to be identified sometime in the future is in direct contradiction with" the notice requirement); *Kandypens*, 2020 WL 11629210, at \*3 (striking Plaintiff's blanket disclosure "to the extent references a-j do not anticipate all claims …, the references a-w taken in combination render all claims … obvious" as failing to identify any specific combinations of prior art).

The Court should strike the above-identified statements and order Hori to specifically identify a reasonable number of specific combinations it truly intends to rely on.

-10-

2.    *Insufficient Explanation as to How Each of the Alleged
Obviousness Combinations Would Render Each of the Asserted
Claims Obvious*

Hori has failed to explain how each of the alleged prior art combinations renders each of the asserted claims obvious, let alone element-by-element. Such failure by Hori provides another, separate ground for striking the disclosures regarding Hori's obviousness combinations.

For example, Hori's invalidity contentions do not tell to **which patent, which claim, which claim element**, each of the alleged combinations apply. Nowhere in the cover pleading is that explained. The list of 814 combinations of prior art is provided without any claim charts specific for those combinations or any explanation as to how each of those combinations would render each asserted claim obvious. For all of the 814 combinations, the only statement provided is:

> [a] PHOSITA would have been motivated to combine the primary reference with the secondary reference(s) because they are in analogous fields of endeavor and would have thus been consulted by a PHOSITA in seeking a solution to the problem that the inventor of the Asserted Patents was attempting to solve.

Yoo Decl., Ex. 2, at 35-151.

Hori merely copied and pasted the above language for all 814 combinations. Not only does this language fail to provide sufficient notice as to the alleged motivation to combine, it is also nonsensical because all of the 814 combinations cannot possibly have exactly the same motivation. Hori's claim charts for individual prior art do not resolve this deficiency. Nowhere in those claim charts, does Hori explain how each of the alleged combinations would render each of the asserted claims obvious, let alone element-by-element. As discussed above, for each claim element, all of Hori's claim charts only include the "catch-all" phrase that Hori asserts obviousness combinations of the charted art with "any of the references" cited in the Invalidity Contentions. "Vaguely disclosing that one prior

116936424.7

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

1    art can substitute for another is insufficient….” *Mitsubishi*, 2015 WL 2369557,

2    at \*3.

3         The type of disclosure presented in Hori's Invalidity Contentions has been

4    expressly rejected by courts. *See Aga Medical*, 2012 WL 12894014, at \*9 (barring

5    the defendant from relying on any combination of art simply listed with broad

6    reasons to combine that was allegedly applied to all 1406 or more potential

7    combinations); *Mitsubishi*, 2015 WL 2369557, at \*3 (holding that the defendant

8    failed to specifically identify how the prior art references apply to the asserted

9    patents when the defendant did not provide charts for any of its combinations and

10    only asserted the catch-all phrase “any element of an asserted claim can easily be

11    identified by cross-reference to the same particular claim element in other charted

12    prior art reference to show that the element was known in the prior art.”); *Ironworks*

13    *Patents*, 2017 WL 4573366 at \*3 (holding that “it is impossible to determine []

14    which references combined render the [] patent obvious and for which claims”

15    based on Samsung's vague identification of a primary reference plus seven

16    additional references allegedly rendering some unidentified claim of the patent

17    obvious if “one or more are combined with” the primary reference).

18         Hori is not exempted from explaining how each combination renders each

19    claim obvious only because the parties are at the preliminary invalidity contention

20    stage.  As discussed above, there is no distinction between preliminary invalidity

21    contentions and final invalidity contentions in terms of the level of specificity.

22    As much as Hori is required to provide sufficient notice of its invalidity

23    theories/arguments at the final invalidity contention stage, it is also required to

24    comply with the same level of specificity at the preliminary invalidity contention

25    stage.  The whole purpose of having invalidity contentions would be defeated if an

26    accused infringer is freely allowed to modify or change its invalidity contentions

27    only because it is labeled as “preliminary.”

28

116936424.7

Further, other courts' local patent rules expressly require an accused infringer to provide an explanation as to **how** each of the alleged prior art combination renders each asserted claim obvious. *See*, *e.g.*, N.D. Cal. LPR 3-3(b) ("If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious…"). "Just as [Hori] must specifically and individually disclose upon which combinations of prior art it intends to rely, for each combination, it must explain how that specific combination of prior art renders one or more of [Nyko]'s claims obvious." *Aga Medical*, 2012 WL 12894014, at *9.

**B.    Hori's Claim Charts Fail to Identify Where Each Claim Element Can Be Found in Each Alleged Prior Art**

Hori is required to explain **where and how** each claim limitation of the asserted claims is found in each of the alleged prior art. *See*, *e.g.*, N.D. Cal. LPR 3-3(c) ("[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found"). Hori has failed to do so.

In all of its claim charts[1], Hori merely reproduced certain portions of the prior art, without explaining or identifying which part/component of each of the prior art allegedly discloses each claim element.

For example, Hori's claim chart for Archibald fails to specifically identify where and how the claimed limitations such as "at least one adapter," "a body," "a connector fixed to the body and configured to removably and electrically couple

---

[1] Hori served 30 claim charts for each asserted patent. Among those 30 claim charts, only two charts, namely the '278 Patent and Shim, include at least some annotations identifying which part/component of the prior art allegedly corresponds to some of the claim elements. The remaining 28 charts have absolutely no explanation at all how and where each claim limitation of the asserted claims is found in each of the alleged prior art. This inconsistency in Hori's claim charts is additional proof of Hori's blatant disregard for the law concerning the level of specificity required in invalidity contentions. Further, even those two charts for the '278 Patent and Shim are not fully explaining how and where each claim element is found in each item of prior art, and thus, are deficient.

-13-

the adapter to the power input port of the video game controller," and "at least one electrical lead electrically coupled to the connector via the body" are found, as shown in the below excerpt from the Archibald chart.

| [15.a] at least one adapter comprising: | This limitation is disclosed by Archibald, including at least the following exemplary references: |
|---|---|
| |  Fig. 3 |
| | Archibald at Fig. 3; *see also id.,* at Abstract. |
| | To the extent this element is found not to be explicitly disclosed in the reference that is the subject of this chart, one of ordinary skill in the art would find this element to be inherently disclosed in that reference. In addition, this element is rendered obvious in combination with common sense, the knowledge of one of ordinary skill in the art alone, or also in combination with any of the references cited in these Invalidity Contentions with respect to this element (whether expressly or inherently). |
| [15.b] a body; | This limitation is disclosed by Archibald, including at least the following exemplary references: |
| | Fig. 3 |
| | Archibald at Fig. 3; *see also id.,* at Abstract. |
| | To the extent this element is found not to be explicitly disclosed in the reference that is the subject of this chart, one of ordinary skill in the art would find this element to be inherently disclosed in that reference. In addition, this element is rendered obvious in combination with common sense, the knowledge of one of ordinary skill in the art alone, or also in combination with any of the references cited in these Invalidity Contentions with respect to this element (whether expressly or inherently). |
| [15.c] a connector fixed to the body and configured to removably and electrically couple the adapter | This limitation is disclosed by Archibald, including at least the following exemplary references: |

-14-

116936424.7

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA



| to the power input port of the video game controller, thereby mechanically mounting the body of the adapter to the video game controller via the power input port; and | |

Archibald at Fig. 3; *see also id.*, at Abstract.

To the extent this element is found not to be explicitly disclosed in the reference that is the subject of this chart, one of ordinary skill in the art would find this element to be inherently disclosed in that reference. In addition, this element is rendered obvious in combination with common sense, the knowledge of one of ordinary skill in the art alone, or also in combination with any of the references cited in these Invalidity Contentions with respect to this element (whether expressly or inherently).

Yoo Decl., Ex. 3, at 4-7; *see also* Yoo Decl., Ex. 4, at 5-16.

Hori merely copied and pasted the same disclosure from the prior art for multiple, distinct claim limitations without any explanation.

Additionally, some of Hori's claim charts do not even cite to any part of the prior art with respect certain claim elements, excerpts of which are reproduced below.

| [15.a] at least one adapter comprising: | To the extent this element is found not to be explicitly disclosed in the reference that is the subject of this chart, one of ordinary skill in the art would find this element to be inherently disclosed in that reference. In addition, this element is rendered obvious in combination with common sense, the knowledge of one of ordinary skill in the art alone, or also in combination with any of the references cited in these Invalidity Contentions with respect to this element (whether expressly or inherently). |
| [15.b] a body; | To the extent this element is found not to be explicitly disclosed in the reference that is the subject of this chart, one of ordinary skill in the art would find this element to be inherently disclosed in that reference. In addition, this element is rendered obvious in combination with common sense, the knowledge of one of ordinary skill in the art alone, or also in combination with any of the references cited in these Invalidity Contentions with respect to this element (whether expressly or inherently). |
| [15.c] a connector fixed to the body and configured to removably and electrically couple the adapter to the power input port of the | To the extent this element is found not to be explicitly disclosed in the reference that is the subject of this chart, one of ordinary skill in the art would find this element to be inherently disclosed in that reference. In addition, this element is rendered obvious in combination with common sense, the knowledge of one of ordinary skill in the art alone, or also in combination |
| video game controller, thereby mechanically mounting the body of the adapter to the video game controller via the power input port; and | with any of the references cited in these Invalidity Contentions with respect to this element (whether expressly or inherently). |
| [15.d] at least one electrical lead electrically coupled to the connector via the body; and | To the extent this element is found not to be explicitly disclosed in the reference that is the subject of this chart, one of ordinary skill in the art would find this element to be inherently disclosed in that reference. In addition, this element is rendered obvious in combination with common sense, the knowledge of one of ordinary skill in the art alone, or also in combination with any of the references cited in these Invalidity Contentions with respect to this element (whether expressly or inherently). |

In the above claim chart, it is not even clear for which theory, *e.g.*,

-15-

116936424.7

anticipation or obviousness, Hori intends to use these references.

For the prior art systems, Hori merely reproduces unlabeled photographs of the prior art systems along with reproduced excerpts from online reviews, without any explanation as to where and how each of the claim limitation is found. As an example, excerpts from Hori's claim chart for Palmdock V are reproduced below:

| [15.a] at least one adapter comprising: | This limitation is disclosed by Palmdock V, including at least the following exemplary references: |
|---|---|
| | **PalmDockV Review**<br>**By Robert Zach**<br><br>So you upgraded from a Palm III series to a Palm V/Vx? Well, if you are like me you have many Palm III accessories that are now useless! Well hold on, enter the PalmDockV!<br><br>This creative plastic molding actually allows you to attach Palm III accessories to the PalmV chassis. This is accomplished by simply attaching the PalmDock to the serial port of the PalmV.<br><br>The unit slips positively onto the base of the Palm V and is held securely in place by a latch that covers the two nibs found on the back of any Palm V/Vx. To remove the unit, simply flip the unit over to the grip area of the release mechanism and press while sliding the unit off the back. This is completed in one quick motion by simply using your thumbs.<br><br>The PalmDockV fits so securely that the unit can remain attached to the Palm V/Vx and still slip comfortably into your pocket. And, although the Palm V/Vx with the unit attached will not fit in most cases currently available, it is still very compact. I utilize the 3Com provide flap cover, instead of a case, so that the unit will remain a size to fit in my pocket, and with the PalmDockV attached it still can.<br><br>In fact, Solvepoint engineers must have had this in mind when they created the unit. Unlike other types of adapters, the pins on the PalmDockV utilize a raised channel system that prevents something like a quarter in your pocket from shorting out the pins, and potentially destroying your Palm V/Vx.<br><br>Appendix 5. |

Yoo Decl., Ex. 7, at 14-15.

| [15.b] a body; | This limitation is disclosed by Palmdock V, including at least the following exemplary references: |
|---|---|
| | <br><br><br>The Palmdock V clips securely to the bottom of the Palm V/Vx and turns it into a Palm III. It actually looks like someone cut the bottom off a black Palm III and glued it to the bottom of a Palm V. The dock adds less than an inch to the overall length of the Palm V/Vx and is made of a light weight black plastic.<br><br>Appendix 4. |

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

-16-

116936424.7

Yoo Decl., Ex. 7, at 18-19.

| [15.c] a connector fixed to the body and configured to removably and electrically couple the adapter to the power input port of the video game | This limitation is disclosed by Palmdock V, including at least the following exemplary references: |
|---|---|
| controller, thereby mechanically mounting the body of the adapter to the video game controller via the power input port; and | <br><br>The Palmdock V clips securely to the bottom of the Palm V/Vx and turns it into a Palm III. It actually looks like someone cut the bottom off a black Palm III and glued it to the bottom of a Palm V. The dock adds less than an inch to the overall length of the Palm V/Vx and is made of a light weight black plastic.<br>Appendix 4. |

Yoo Decl., Ex. 7, at 21-22.

There is no way for Nyko to reasonably understand how each item of prior art Hori allegedly anticipates or renders obvious each claim element. To defend the validity of its patents and to prepare upcoming claim construction, it is critical for Nyko to know which part(s) of each of the prior art Hori alleges to be disclosing claim elements such as "a docking structure," "a docking bay," "a base," "an adapter," "a body," "a connector," etc. The technologies at issue involve specific structural components such as the above claim elements, and the patents at issue claim structural limitations which recite certain components in relation to others in a charger for video game controllers. *See, e.g.*, Dkt. No. 1-3, at 39 (Claim 15 of the '344 Patent). Thus, Nyko has to know Hori's alleged mapping of these claim elements to each item of the prior art.

Hori's claim charts are similar to those stricken by the Northern District of California in *Slot Speaker Techs., Inc. v. Apple, Inc.*, Case No. 13-cv-01161-HSG

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

1    (DMR), 2017 WL 235049 (N.D. Cal. Jan. 19, 2017).  In *Slot Speaker*, Plaintiff

2    moved to strike Defendant's claim charts because they did not specifically identify

3    where each claim limitation can be found in each alleged item of prior art.  *Id.* at

4    *2.  Like Hori's claim charts, Apple's charts merely reproduced portions of the

5    prior art, including figures and unlabeled photographs of the prior art phones,

6    without explaining what Apple identifies as the claim elements at issue such as a

7    "sound reflecting surface facing the drive unit" and "drive unit disposed on a

8    mounting surface." *Id.* at *4.  Like the claim elements of this case, those elements

9    at issue in *Slot Speaker* involved structural limitations.

10          The court held that none of Apple's claim charts provided "the requisite level

11   of specificity" and left "too much to guesswork."  *Id.* at *3.  The court granted

12   Plaintiff's motion and ordered Apple to amend all offending charts.  *Id.* at *5.

13   In particular, with respect to the unlabeled photos, the court held that Apple "must

14   label the relevant portion(s) of each photograph and explain how the photographs

15   individually or collectively disclose the claim limitation." *Id.*  Hori cannot force

16   Nyko to "chase down every conceivable rabbit hole during discovery." *Id.* at *4.

17   *See also Kandypens*, 2020 WL 11629210, at *4-5 (striking Appendix C (a claim

18   chart) as failing to place Defendant on notice because Plaintiff repeatedly pasted

19   the same image without any identification of specific pieces); *Rampion*, 2019 WL

20   3082290, at *7 (striking portions of claim charts for failing to identify where each

21   claim limitation may be found in the alleged prior art because Defendants merely

22   reproduced the same portions of the references without stating how those excerpts

23   disclose each claim limitation).

24          Further, it would be unfair for Nyko to speculate as to where and how the

25   alleged prior art discloses each claim limitation of the asserted claims when Nyko

26   fully complied with the same specificity requirement concerning infringement

27   contentions.  Each claim chart attached to Nyko's Infringement Contentions

28   expressly identifies (with annotations) which part/component of Hori's Accused

-18-

Product is alleged to infringe which claim element, an excerpt of which is reproduced below:

| [a] at least one adapter comprising: | Poké Ball Charge Stand includes at least one adapter. |
|---|---|
| | adapter |
| [b] a body; | Poké Ball Charge Stand includes the adapter comprising a body. |
| | body |
| [c] a connector fixed to the body and configured to removably and electrically couple the adapter to the power input port of the video game controller, thereby mechanically mounting the body | Poké Ball Charge Stand includes the adapter comprising a connector fixed to the body. |
| of the adapter to the video game controller via the power input port; and | connector fixed to the body

The connector is configured to removably and electrically couple the adapter to the power input port of the video game controller, thereby mechanically mounting the body of the adapter to the video game controller via the power input port.

the power input port of the video game controller |

116936424.7

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA



Yoo Decl., Ex. 1, '344 Claim Chart at pp. 3-6.

As shown above, Nyko's claim charts provide the requisite level of specificity, providing sufficient notice to Hori of Nyko's infringement theories/arguments. In fact, Hori never complained of Nyko's Infringement Contentions. The level of specificity provided in Hori's claim charts is far below the level provided in Nyko's claim charts.

At a minimum, Hori should be ordered to amend its claim charts so as to provide the same level of specificity provided in Nyko's claim charts, *e.g.*, specifically identifying what parts/components of each of the prior art corresponds to each claim limitation.

### C.    Hori Improperly Tries to Rely on Uncited Portions of the Prior Art and Unidentified Prior Art

#### 1.    *Uncited Portions of the Prior Art*

Hori purports to reserve its right to rely on **uncited** portions of the references. For example, Hori's Invalidity Contentions state:

- "Accordingly, the cited portions are **only examples**, and Defendant **reserves the right to rely on uncited portions** of the prior art references,

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

116936424.7

on **other publications**[2] and on expert testimony as aids in understanding and interpreting the cited portions, as providing context thereto, and as additional evidence that a claim limitation is known or disclosed." Yoo Decl., Ex. 2, at 3 (emphasis added)

- "Defendant further **reserves the right to rely on uncited portions** of the prior art references, **other publications**, and testimony to establish bases for combinations of certain cited references that render the Asserted Claims obvious." Yoo Decl., Ex. 2, at 4 (emphasis added).

- "Defendant also **reserves the right to rely upon other portions** of the prior art references, **other publications**, and the testimony of experts to establish that the alleged inventions would have been obvious to a person of ordinary skill in the art, including the basis for modifying or combining the prior art references." Yoo Decl., Ex. 2, at 6 (emphasis added).

Additionally, all of the claim charts attached to the Invalidity Contentions contain the same language that:

- "[t]he citations provided in the charts below are **exemplary** rather than exhaustive and Defendant **reserves the right to rely upon** additional references uncovered through further searching as well as **other portions of the references** cited in the Invalidity Contentions." (*e.g.*, Yoo Decl., Ex. 3, at 1) (emphasis added).

This is improper. It is axiomatic that "Defendants may **only rely upon cited** portions of prior art references." *Mitsubishi*, 2015 WL 2369557, at *2 (emphasis added). "The requirement that the invalidity contentions disclose whether each item of prior art anticipates each asserted claim or renders it obvious would be a

---

[2] This is also very vague. What are "other publications"? Hori should not be allowed to rely on "other publications" not specifically identified in its Invalidity Contentions. For the same reasons discussed above, all of such clauses in Hori's Invalidity Contentions should be stricken.

-21-

116936424.7

dead letter if parties could avoid it with broad disclaimers." *Id.* (internal quotations and citation omitted).

Nyko should not be guessing at what additional portions of the prior art references Hori would rely on. Hori is not entitled to freely amend or supplement its citations to the prior art at any time in this case. The above-portions of Hori's invalidity contentions that purport to reserve the right to rely on uncited portions of the prior art should be stricken. *Mitsubishi*, 2015 WL 2369557, at *2 (striking portions of Defendant's invalidity contentions that purported to reserve the right to rely on "uncited portions" of the references); *Rampion*, 2019 WL 3082290, at *3 (striking all clauses in Defendants' invalidity contentions that purport to allow Defendants to rely on "uncited portions" of references as invalidating prior art).

> ## 2.    Unidentified Prior Art

Hori purports to rely on unidentified (or uncited) references. For example, Hori's Invalidity Contentions state:

- "identification of any patents and/or patent publications as prior art ***shall be deemed to refer to*** the application that was submitted for the same (including any provisional application(s)) and to ***include identification of any foreign counterpart*** patents and applications as well as international applications." Yoo Decl., Ex. 2, at 3 (emphasis added).

- "Defendant further ***incorporates by reference*** the prior art references related to the Patents-in-Suit, including without limitation all prior art produced by or otherwise known to NYKO and all prior art known to the named inventors, any past or current owner, or any individual substantively involved in the prosecution of any or all of the Patents-in-Suit." Yoo Decl., Ex. 2, at 5 (emphasis added).

- "The exemplary references are evidence of the capabilities of the prior art system, and each chart provided for a prior art system should be understood to ***incorporate by reference all printed publications***

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

describing or relating to that prior art system and all charts provided for those printed publications."  Yoo Decl., Ex. 2, at 6 (emphasis added).

In all of the above instances, without even reserving any right, Hori is basically alleging that it may rely on any additional reference not identified in its Invalidity Contentions if that reference is related to any of the cited references, the technologies at issue, or any of the cited prior art system.

With respect to the first instance, if Hori intends to rely on any of the foreign counterparts of the cited references, it should simply identify such references.  Hori cannot incorporate by reference all of the references related to each of the cited references without specifically identifying each one of them.  *See Rampion*, 2019 WL 3082290 at *3 (striking portions of Defendants' invalidity contentions that purport to allow Defendants to rely on "uncited" references, including "foreign counterparts" of the references identified in the invalidity contentions).  Further, familiar patents or applications may not contain the same disclosure or the same priority date.

With respect to the second and third instances, Hori's incorporations by reference impermissibly allow it to rely on a very broad category of unidentified prior art even absent amendment.  Hori "cannot effect an end-run around [the] good cause requirement by incorporating by reference 'uncited' material or reserving a right to rely upon 'uncited' materials." *Rampion*, 2019 WL 3082290 at *3.  *See also Aga Medical*, 2012 WL 12894014, at *9 (holding that reserving the right to rely on "unspecified combinations to be identified sometime in the future is in direct contradiction with this requirement and does not provide AGA with meaningful notice as to the evidence Gore intends to offer to support its position").

3.    *Hori Should Not Be Allowed to Rely on Uncited Materials or Unidentified Prior Art Even Absent Amendment*

Hori's purported reservations of right to rely on uncited portions of the prior art and its incorporations by reference of unidentified prior art—which Hori claims

-23-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

LEWIS ROCA

to be "standard practice"—are not the type of practice allowed in invalidity or infringement contentions. Parties are typically allowed to reserve the right to move for leave to amend invalidity or infringement contentions at a later date under certain circumstances, for example, recent discovery of prior art despite earlier diligent search or claim construction. *See*, *e.g.*, N.D. Cal. LPR 3-6. Consistent with those principles, Nyko reserved the right to supplement its Infringement Contentions based upon further discovery and investigation, or claim construction rulings. *See* Yoo Decl., Ex. 1, at 1.

In contrast, Hori's purported reservations of right to rely on uncited portions of the prior art and its incorporations by reference of unidentified prior art are of a different character because, if allowed, such practice would effectively grant Hori right to freely change citations to the prior art or add new prior art not identified in its invalidity contentions ***even absent*** amendments to their invalidity contentions. *Rampion*, 2019 WL 3082290, at *3 (explaining the difference between the type of reservations typically allowed and those that are not, and holding that "incorporating by reference uncited material or reserving a right to rely upon uncited material" falls into the latter category). Hori's unconditional reliance on uncited portions of the prior art or unidentified prior art is a direct contravention of the basic requirement that materials not cited or not identified in invalidity contentions may not be used by an expert at a later time. *Pavo*, 2019 WL 8138163, at *10-11 (striking expert opinions regarding new prior art that was never disclosed in invalidity contentions because to hold otherwise "would undermine the spirit of Patent Local Rule 3-3, which is to ensure that a party asserting invalidity disclose the theories on which it intends to rely in a timely manner so as to avoid undue prejudice to the patent holder") (internal quotation omitted).

116936424.7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

**LEWIS** **ROCA**

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Nyko respectfully requests that the Court strike Hori's Invalidity Contentions, or alternatively, orders Hori to amend its Invalidity Contentions to cure the deficiencies addressed in the present motion.

Dated:  March 8, 2022                Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By    /s/Art Hasan
           Art Hasan

Attorneys for Plaintiff
OKYN HOLDINGS, INC.
dba NYKO TECHNOLGIES

116936424.7